PETER POKRZYWINSKI v. STATE.

198 N. W. 2d 522.

June 23, 1972—No. 43185.

C. Paul Jones, State Public Defender, and Doris O. Huspeni, Assistant State Public Defender, for appellant.

Warren Spannaus, Attorney General, Curtis D. Forslund, Solicitor General, and Richard G. Mark, Special Assistant Attorney General, for respondent.

Heard before Knutson, C. J., and Rogosheske, Peterson, and Kelly, JJ.

PER CURIAM.

Defendant was charged with the kidnapping and aggravated rape of a 15-year-old girl. Minn. St. 609.25, 609.291. Pursuant to a plea bargain,

he pled guilty to sexual intercourse with a child, Minn. St. 609.295(3), and the more serious charges were dropped. This appeal is from a denial of postconviction relief. We affirm.

Defendant contends that his guilty plea should be withdrawn because it was induced by an involuntary incriminating statement given when his attorney was not present. The trial court found that the plea of guilty was not induced by defendant's statement and that defendant had effectively waived his right to have counsel present. In addition, it is only when the circumstances which coerced the statement have abiding impact upon the plea or when defendant pleads while uncounseled (or possibly pleads due to inadequate counseling) that defendant has a right to attack constitutional defects which arise before the plea. McLaughlin v. State, 291 Minn. 277, 190 N. W. 2d 867 (1971); McMann v. Richardson, 397 U. S. 759, 90 S. Ct. 1441, 25 L. ed. 2d 763 (1970).

Defendant also claims that he was denied the effective assistance of counsel. Defendant has the burden of rebutting the presumption that he was properly advised by his attorney and of proving that the representation was perfunctory and casual, rendering the proceedings a sham. Brown v. State, 292 Minn. 174, 193 N. W. 2d 613 (1972). Compelling evidence indicated that defendant was guilty of the kidnapping and aggravated rape charges. Defendant was fortunate to be able to plead to a lesser offense. No credible evidence supports defendant's claim of inadequate representation.

The record also discloses a factual basis supporting the acceptance of the guilty plea.

Affirmed.